UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUISA DUNCAN, GAHAGAN LAW FIRM, LLC, and MICHAEL W. GAHAGAN, ESQ. | CIVIL ACTION |
| VERSUS | NO: 24-01309 |
| EUREKA ARTIES, et al. | SECTION: T (5) |

**ORDER AND REASONS**

Before the Court is a Motion to Remand to United States Citizenship and Immigration Services ("USCIS") filed by Defendants Eureka Arties, Cambri McNair, and the United States Citizenship and Immigration Services.[1] R. Doc. 18. Plaintiffs Luisa Duncan, the Gahagan Law Firm, L.L.C., and Ms. Duncan's attorney, Michael W. Gahagan, have filed a response opposing the Motion. R. Doc. 28. Defendants filed a reply in support of the motion. R. Doc. 33. For the reasons set forth below, the Court will grant Defendants' Motion to Remand.

BACKGROUND

Luisa Duncan, a native and citizen of the Philippines, became a legal permanent resident of the United States on June 8, 2012. Ms. Duncan filed an N-400 naturalization application with USCIS on December 14, 2018. On September 18, 2019, the USCIS New Orleans Field Office

---

[1] Defendants' brief notes that Defendants Arties and McNair no longer work in the New Orleans Field Office of USCIS. *See* R. Doc. 18-1, p. 4, n. 4.

1

interviewed Ms. Duncan regarding her application. On July 20, 2020, Ms. Duncan was placed in removal proceedings and charged with being deportable from the United States. On September 17, 2020, USCIS administratively closed Ms. Duncan's N-400 application. The notice of administrative closure informed Ms. Duncan that the N- 400 may be reopened upon submission of a written request within one year. Removal proceedings against Ms. Duncan were dismissed by an immigration judge on June 14, 2022.[2] Defendants state that USCIS has not received a request from Ms. Duncan to reopen her administratively-closed N-400 application. Instead, Ms. Duncan filed the instant lawsuit pursuant to 8 U.S.C. § 1447(b), alleging, *inter alia*,[3] a delay in USCIS's adjudication of her naturalization application in excess of 120 days. R. Doc. 1, ¶ 9. She now seeks adjudication of her naturalization application by this Court. *Id.*; *see also* R. Doc. 14 ("Motion for Summary Judgment on Naturalization Cause of Action").

Defendants assert that good cause exists to remand this matter to USCIS, because remand would ensure an expeditious decision on Ms. Duncan's naturalization application without denying her the right to seek *de novo* judicial review of that decision if necessary. R. Doc. 18-1, p. 3 (citing

---

[2] Plaintiffs contend the proceedings were frivolously initiated and dismissed as such. *See* R. Doc. 28.

[3] The claims consisted of not only a hearing on Plaintiff's Form N-400, Application for Naturalization, but also various claims under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") (seeking an order requiring USCIS to produce certain previously requested records, which Defendants maintain have since been provided to Plaintiffs (*see* R. Doc. 33)), and claims for denial of counsel and violations of the Administrative Procedure Act and of the First and Fifth Amendments devolving from the manner in which Plaintiff's Naturalization interview was conducted. *See* R. Doc. 1.

8 U.S.C. § 1421(c)). Defendants state that "USCIS is prepared to issue a decision within 14 days of this Court's entry of a remand order …." R. Doc. 18-1, p. 3. Defendants also assert that remand would be appropriate to allow USCIS to apply its expertise regarding naturalization, to fulfill its statutory obligation to adjudicate naturalization applications, and to develop an administrative record should subsequent judicial review be necessary. *Id.*, pp. 3-4. Lastly, Defendants argue that judicial resources would be preserved by remanding the matter to allow the administrative process to conclude. *Id.*, p. 4.

Plaintiffs contend that remand is not warranted because all FBI background checks have been completed. R. Doc. 28-2, p. 1 (citing *Osman v. Chertoff*, 2008 WL 750567 (E.D. Tex. Mar. 18, 2008), for the proposition that courts should not remand naturalization suits back to USCIS unless FBI investigations are still pending). Plaintiffs additionally contend that Defendant USCIS has already essentially admitted that Ms. Duncan's application should be approved but has simply refused to do so for over six years. Therefore, Plaintiffs argue, a remand would only return the case to the *status quo* and result in additional costs.[4] R. Doc. 28-2, pp. 1-2. Plaintiffs request the Court deny Defendant's Motion to Remand and, instead, grant Ms. Duncan's Motion for Summary Judgment (R. doc. 14). *Id.*, p. 2.

---

[4] As an additional basis for denying Defendants' Motion, Plaintiffs contend a remand order would preclude Ms. Duncan from reimbursement of attorney's fees, court costs, and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, *et seq. See* R. Doc. 28-2, pp. 2-3. But this case was compounded by the arguably severable claims Plaintiffs joined in their Complaint. The Court ruled in favor of Plaintiffs when it denied Defendants' motion to sever those claims. *See* R. Doc. 39. Since then, there has been little activity in the case.

3

ANALYSIS

Title 8, United States Code, Section 1447 provides as follows:

**(a) Request for hearing before immigration officer**

If, after an examination under section 1446 of this title, an application for naturalization is denied, the applicant may request a hearing before an immigration officer.

**(b) Request for hearing before district court**

If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Defendants do not contest that this Court has subject matter jurisdiction over Plaintiff Duncan's Complaint. Instead, they seek to remand the matter to the USCIS so that the agency may make an initial and ultimately reviewable determination on Ms. Duncan's naturalization application. By statute, the Court "may either determine the matter or remand the matter, with appropriate instructions, to the [CIS] to determine the matter." 8 U.S.C. § 1447(b). Thus, it is well within the Court's discretion to remand or determine the matter. Plaintiff points to cases holding that remand is not required where the FBI background check has been completed, as it has been in Ms. Duncan's case. *See*, *generally*, R. Doc. 28-2. On the other hand, Defendants cite to cases wherein remand was granted, albeit with instructions. *See* R. Doc. 18-1, pp. 3-4. The Court, having considered those cases and the parties' arguments, will remand the case to USCIS for a prompt

4

determination on Ms. Duncan's naturalization application.[5]

CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' Motion to Remand to USCIS (R. Doc. 18) is GRANTED. Defendant USCIS is instructed to make a prompt determination on Plaintiff Luisa Duncan's naturalization application.

**IT IS FURTHER ORDERED** that this case is ADMINISTRATIVELY CLOSED and all pending motions filed by the parties (R. Docs. 14, 15, 16, 17, 19, 22, 24, 29, and 31) are hereby DISMISSED WITHOUT PREJUDICE.[6] Should a determination on Ms. Duncan's application not be made promptly as ordered, she may file a motion to reopen the case and the action will be reinstated. Ms. Duncan retains her rights under 8 U.S.C. § 1421(c) to seek *de novo* review of any unfavorable USCIS decision.

New Orleans, Louisiana, this 2nd day of September 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[5] Defendants have assured this Court that a determination on Ms. Duncan's naturalization application could be made within fourteen (14) days of the date of this Order. *See* R. Doc. 18-1, p. 3. The Court will expect Defendants to abide by that assurance so long as reasonably possible.

[6] The parties apparently agree, at least to some extent, that the remaining issues regarding the FOIA requests and the denial of counsel would become moot should the USCIS approve Ms. Duncan's naturalization application. Accordingly, the Court will dismiss all remaining claims without prejudice. They may be reraised as necessary should USCIS issue an unfavorable decision.