**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LUISA DUNCAN, GAHAGAN LAW FIRM L.L.C., and MICHAEL W. GAHAGAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1309** |
| **EUREKA ARTIES, ET AL.** | **SECTION: "T" (5)** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's, Luisa Duncan's, Motion for Attorney's Fees and Costs Pursuant to the Open Government Act of 2007, 5 U.S.C. § 552(a)(4)(E). (Rec. doc. 43).[1] Defendants Eureka Arties; Cambri McNair, Esq.; and United States Citizenship and Immigration Services filed an Opposition (rec. doc. 51) and Plaintiff filed a reply. (Rec. doc. 54). Having reviewed the pleadings, the record, and the case law, the Court recommends as follows.

## I. Background

Duncan, a native and citizen of the Philippines, became a legal permanent resident of the United States on June 8, 2012. (Rec. doc. 1). She filed an N-400 naturalization application with U.S. Citizenship and Immigration Services ("USCIS") on December 14, 2018. (*Id.*). On September 18, 2019, the USCIS New Orleans Field Office interviewed Duncan regarding her application. (*Id.*). On July 20, 2020, Plaintiff was placed in removal proceedings and charged with being deportable from the United States. (*Id.*). On September 17, 2020, USCIS administratively closed Plaintiff's N-400 application. (*Id.*). The notice of administrative closure informed Plaintiff that the N-400 may be reopened after submission of a written

[1] While there are three named plaintiffs in this action, Duncan is the only one identified as a movant on this Motion.

request within one year. (*Id.*). Removal proceedings against Plaintiff were dismissed by an immigration judge on June 14, 2022. (*Id.*).

Defendants maintain that USCIS has not received a request from Plaintiff to reopen her administratively closed N-400 application. Instead, Plaintiff filed the instant lawsuit pursuant to 8 U.S.C. § 1447(b), alleging, *inter alia*[2], a delay in USCIS's adjudication of her naturalization application in excess of 120 days. (Rec . doc. 1). On September 2, 2025, this Court granted Defendants' Motion to Remand to USCIS, which had the effect of administratively closing and dismissing all pending motions filed by the parties, including all motions for summary judgments on Plaintiff's FOIA requests. (Rec. doc. 40). Plaintiff reserved the right to reopen the case and seek *de novo* review pursuant to 8 U.S.C. § 1421(c) should USCIS issue an unfavorable decision. (*Id.*). Subsequently, USCIS denied Plaintiff's naturalization application. (Rec. doc. 41).

On September 23, 2025, after that denial, Plaintiff filed a motion to reopen and reconsider the Freedom of Information Act ("FOIA") cause of action. (*Id.*). On October 6, 2025, Plaintiff filed a motion for FOIA fees and costs so that she would not miss her filing deadline to recover litigation fees and costs. (Rec. doc. 43). The case was reopened on April 17, 2026. (Rec. doc. 55).

Plaintiff argues that she is both eligible for and entitled to an award of attorney's fees and costs pursuant to the Open Government Act of 2007 ("OGA") because she substantially prevailed in the underlying litigation. (Rec. doc. 43-2). Plaintiff seeks recovery of all

---

[2] The claims consisted of not only a hearing on Plaintiff's Form N-400, Application for Naturalization, but also various claims under the Freedom of Information Act (" FOIA") (seeking an order requiring USCIS to produce certain previously requested records, which Defendants maintain have since been provided to Plaintiffs (*see* rec. doc. 33)), and claims for denial of counsel and violations of the Administrative Procedure Act and of the First and Fifth Amendments devolving from the manner in which Plaintiff's naturalization interview was conducted. (*See* rec. doc. 1).

reasonable attorneys' fees and litigation costs incurred challenging the refusal to search for, and the unlawful holding of, non-exempt responsive agency information by USCIS, which Plaintiff requested pursuant to FOIA. (*Id.*).

## II. Law and Analysis

Under FOIA, a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).[3] A complainant has substantially prevailed if she has obtained relief through either: (1) a judicial order; or (2) a voluntary or unilateral change in position by the agency if the complainant's claim is not insubstantial. *Id.* § 552(a)(4)(E)(ii)(I-II).

Here, Plaintiff asserts that she substantially prevailed through the latter theory – referred to by the courts as the "catalyst theory." To establish that a party substantially prevailed under the "catalyst theory," the party must show the initiation of litigation "could reasonably be regarded as necessary to obtain the information and that the action had a substantive causative effect on the delivery of the information." *Batton*, 718 F.3d at 525 (quoting *Lovell v. Alderete*, 630 F.2d 428, 432 (5th Cir. 1980)).

As noted by the Fifth Circuit, FOIA "divides the attorney-fee inquiry into two prongs[:] . . . fee eligibility and fee entitlement."[4] The eligibility prong asks whether a plaintiff has

---

[3] On December 31, 2007, the Open Government Act took effect, amending FOIA to permit awards of attorneys' fees to parties that "substantially prevailed" by way of an agency's "voluntary or unilateral change in position." *Batton v. I.R.S.*, 718 F.3d 522, 524 (5th Cir. 2013) (citing Pub.L. No. 110–175, § 4, 121 Stat. 2524 (codified at 5 U.S.C. § 552(a)(4)(E)(ii)(II)).

[4] Plaintiff insists that the two-pronged eligibility-entitlement test was superseded by the OGA and that she is entitled to attorney's fees as long as she substantially prevailed and her claim is not insubstantial. As *Batton* made clear, OGA codified the "catalyst" theory, pursuant to which a complainant can show that she substantially prevailed in the absence of court-ordered relief when she has obtained relief by "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 718 F.3d at 525. This change concerned the eligibility prong. The entitlement prong stems from the fact that a court "may assess," but is not

substantially prevailed and thus may receive fees. *Id.* "If so, the court proceeds to the entitlement prong and considers a variety of factors to determine whether the plaintiff should receive fees." *Id.* (quoting *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011) (citations and internal quotation marks omitted)).

**A. Eligibility**

Applying the OGA, Plaintiff has substantially prevailed. FOIA is a disclosure statute "enacted to facilitate public access to Government documents." *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). A federal agency that receives a FOIA request must determine within 20 working days whether to release the requested documents. 5 U.S.C. § 552(a)(6)(A)(i). Although an agency may seek a brief extension of this deadline, *id.* § 552(a)(6)(B), it may only continue to withhold responsive records if they fall within one or more of the nine exemptions to the statute's disclosure mandate. *Id.* § 552(b)(1)-(9).

The Court finds that Plaintiff's complaint had a substantial causative impact on the release of the requested documents. *See Cazalas v. DOJ*, 660 F.2d 612, 623 (5th Cir. Unit A Nov. 1981). Before litigation, Plaintiff filed six separate FOIA administrative requests with USCIS for specific information within the possession of USCIS. (*See* Rec. docs. 1, 1-14, 1-15, 1-16, 1-17, 1-18, and 1-19). The requests were issued between October of 2019 and

---

required to assess, attorney's fees when a complainant has substantially prevailed. *Brayton*, 641 F.3d at 524 ("The eligibility prong asks whether a plaintiff has 'substantially prevailed' and thus 'may' receive fees."). The "may assess" portion of the statute was unchanged by the OGA. In *Batton*, the Fifth Circuit Court of Appeals recognized the continued applicability of the two-pronged test by employing it. Plaintiff spent roughly ten pages of her memorandum in support arguing that she is entitled to attorney's fees without consideration of the "entitlement prong." The Fifth Circuit Court rejected this argument in a case in which Plaintiff's attorney was also the plaintiff. *See Gahagan v. United States Citizenship & Immigration Servs.*, 671 F. App'x 321, 2016 WL 7240202, at **1-2 (5th Cir. Dec. 14, 2016) (unpublished). The Fifth Circuit held that the argument was "foreclosed by our precedent" and that "we are obligated to follow *Batton*." *Id.* The *Batton* opinion was issued by the Fifth Circuit as a published decision eight years after the OGA, and it is binding precedent on the courts of this district until the Fifth Circuit en banc, the Supreme Court, or an Act of Congress says otherwise.

November of 2021. (*Id.*). USCIS did not make an adequate production of the requested information until after Plaintiff filed suit on May 20, 2024. (Rec. doc. 1). Although USCIS acknowledged the FOIA requests in letters informing the Plaintiff's that the requests were assigned a number, it merely invoked a 10-day extension to process the request and then failed to honor that extension, finally searching for and producing most of the requested information in response to the FOIA requests in July and September of 2024, as a direct result of being served with this lawsuit. (*See* rec. doc. 24-1).

It was not until after Plaintiff filed her lawsuit that USCIS satisfied its obligation to produce the information that Plaintiff needed to effectively defend herself in Immigration Court. USCIS substantially exceeded the time limits for initial responses and appeals established in 5 U.S.C. § 552 without even attempting to argue that Plaintiff's request presented "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B).[5] Accordingly, the Court finds that Plaintiff is eligible to receive attorneys' fees.

**B. Entitlement**

Because the Court concludes that Plaintiff has substantially prevailed under the catalyst theory, the Court must next address whether Plaintiff is "entitled" to an award of attorneys' fees. A district court has broad discretion to determine whether a FOIA litigant is entitled to a fee award. *Blue v. Bureau of Prisons*, 570 F.2d 529, 533 (5th Cir. 1978). Under the "entitlement" prong, the Court considers: "(1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's

[5] In unusual circumstances as specified in this subparagraph, the time limits prescribed in either clause (i) or clause (ii) of subparagraph (A) may be extended by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched. No such notice shall specify a date that would result in an extension for more than ten working days, except as provided in clause (ii) of this subparagraph. 5 U.S.C. § 552(a)(6)(B)(i).

interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." *Batton*, 718 F.3d at 527 (quoting *State of Tex. v. I.C.C.*, 935 F.2d 728, 730 (5th Cir. 1991)).

**1. Public Benefit**

"The public benefit factor has been described as perhaps the most important factor in determining entitlement to a fee award." *Hernandez v. U.S. Customs & Border Protection Agency*, No. 10-4602, 2012 WL 398328, at *8 (E.D. La. Feb. 7, 2012) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1389 (8th Cir. 1985)). This factor "does not particularly favor attorneys' fees where the award would merely subsidize a matter of private concern; this factor rather speaks for an award where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices." *Blue,* 570 F.2d at 533-34. In *Blue*, the Fifth Circuit agreed with the district court that this factor weighed against an award of attorney's fees when the plaintiff had sought production of his prison file. Since then, the Fifth Circuit has consistently found that there is no public interest in private matters that do not show dissemination, impact, and benefit beyond the FOIA requestor to satisfy the fee-entitlement factor.[6]

Here, Plaintiff's FOIA requests are for personal gain to assist in her naturalization and removal process. Plaintiff maintains that the public will benefit from this litigation by citing mainly to three cases with major distinctions from the case at hand. (Rec. doc. 43-2 at 13) (citing *Mayock v. I.N.S.*, 736 F. Supp. 1561 (N.D. Cal. 1990); *Jarno v. Dep't of Homeland Sec.*,

[6] *See, e.g., Chamberlain v. Kurtz*, 589 F.2d 827, 842 (5th Cir. 1979) (finding no public interest in plaintiff's FOIA request for records of IRS's criminal and civil investigations into his tax returns); *Lovell,* 630 F.2d at 432 (finding no public interest in plaintiff's request for his eyeglass prescription); *State of Tex*, 935 F.2d at 733-34 (finding no public interest in state's request for documents between regulatory agency and company); *but see Cazalas*, 709 F.2d at 1053-54 (holding that FOIA request for documents bearing on illicit gender discrimination in DOJ conferred sufficient public benefit for fee award).

365 F. Supp. 2d 733 (E.D. Va. 2005); *Hernandez*, 2012 WL 398328, at *8. District Courts in this Circuit have rejected previous reliance on those cases in the present context, noting that in each of those cases, "the plaintiff either sought information outside of that which was only relevant to his own case, or the requested documents were broadly disseminated to the public." *Gahagan v. USCIS*, Civ. A. No. 15-796, 2016 WL 3127209, at *4 (E.D. La. June 2, 2016) ("[T]he public benefit factor here has not been shown and the first and most important factor weighs against awarding attorney's fees."); *Gahagan v. USCIS*, Civ. A. No. 14-2233, 2016 WL 1110229, at *11 (E.D. La. March 21, 2016) ("Gahagan cannot rely upon the use of these documents in an immigration proceeding as the basis for a finding that this case resulted in a public benefit because these documents were duplicates of documents that were previously disclosed to Gahagan.").

The cases relied upon by Plaintiff here are not helpful to her cause. In *Jarno*, the complainant sought information to disseminate to the public concerning the Department of Homeland Security's handling of a high-profile political asylum case. 365 F. Supp. 2d at 738. In *Hernandez*, the complainant sought general information relating to the United States Customs and Border Protection Agency's enforcement actions in the city of New Orleans "to establish an ongoing pattern of unlawful surveillance and suspicionless raids of immigrant construction workers on day laborer corners in New Orleans." 2012 WL 398328 at *1. And the *Mayock* complainant continued his FOIA suit after receiving the information sought by his clients so that he could prove that "the INS had a pattern and practice of not complying with FOIA in immigration cases." 736 F. Supp. at 1562.

Plaintiff cites *Davy v. Central Intelligence Administration*, a D.C. Circuit case, in support of her contention that she is "the quintessential requestor of government information

envisioned by FOIA." 550 F.3d 1155, 1157 (D.C. Cir. 2008). However, in *Davy*, the plaintiff sought information regarding the individuals allegedly involved in President Kennedy's assassination and had asserted that the released documents provided new information bearing on the controversy over whether the Central Intelligence Administration was involved in the assassination plot. 550 F.3d at 1159. Here, Plaintiff's request for documents pertaining specifically to her, for use in her removal proceedings, does not serve the public in a way akin to the information requested in *Davy*.

Here, the produced information was to be used in Plaintiff's deportation proceedings so that the immigration judge could make an informed determination based on all of the relevant evidence. Plaintiff has no larger purpose aimed at benefitting the public as the complainants did in *Jarno*, *Hernandez*, and *Mayock*. Seeking to avoid this conclusion, Plaintiff argues that the information she obtained provides a public benefit by proving that Defendant instituted an unlawful policy of interfering with the attorney-client relationship of all attorneys by separating them during federal compulsory hearings, and packing the room with federal agents during counsel's representation in an attempt to unlawfully use government employees to intimidate a retained private attorney. (Rec. doc. 43-2). But while such an objective may have a public benefit in some cases, this is just not a case where plaintiff seeks to "[obtain] relief 'not just for [herself], but also for other litigants and attorneys.'" *See Hajro v. USCIS*, 900 F. Supp. 2d 1034, 1048 (N.D. Cal. 2012) (quotation omitted).

And while Plaintiff may characterize an "overarching goal" of modifying Defendant's policies, there is no indication of how Plaintiff's request relative to her "personal dispute with [defendant] provides a public benefit." *Id.* at 1047. As the D.C. Circuit has suggested,

the successful FOIA plaintiff always acts in some degree for the benefit of the public, both by bringing government into compliance with the FOIA disclosure policy and by securing for the public at large "the benefits assumed to flow from the public disclosure of government information." *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1367 (D.C. Cir. 1977). The discussion of this criterion referred to disclosure to the press and to public interest organizations, thus strongly suggesting that in weighing this factor a court should take into account the degree of dissemination and likely public impact that might be expected from a particular disclosure. *Blue*, 570 F.2d at 533–34 (citations omitted) (quoting S. Rep. No. 854); *see also Lovell*, 630 F.2d at 433; *Nationwide Bldg. Maint. Inc. v. Sampson*, 559 F.2d 704 at 712 (D.C. Cir. 1977). Plaintiff has stated no justifiable grounds for claiming a public benefit other than some minor role in maintaining the fairness of a single immigration proceeding. *See Blue,* 570 F.2d at 533-534. Accordingly, the public benefit here has not been shown, and the first and most important factor weighs against awarding attorney's fees.

**2. Commercial Benefit and Nature of Interest**

The two criteria of the commercial benefit to Plaintiff and the nature of her interests in the records sought are similar enough that it is useful to consider them together. When a plaintiff has a commercial benefit or a personal interest in pursuing litigation, "an award of fees is generally inappropriate" because there is already sufficient motivation for the claimant to bring suit without the promise of attorneys' fees. *See Fenster v. Brown*, 617 F.2d 740, 743 (D.C. Cir. 1979); *see also Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) ("When a litigant seeks disclosure for a commercial benefit or other personal reasons, an award of fees is usually inappropriate.") (citation omitted). Courts have found that a plaintiff stands to gain a commercial benefit when he or she seeks documents that could aid his efforts

in ongoing civil litigation. *See Republic of New Afrika*, 645 F. Supp. 117, 121 (D.D.C. 1986); *Simon v. United States*, 587 F.Supp. 1029, 1033 (D.D.C. 1984). "The primary purpose of the FOIA was not to benefit private litigants or to serve as a substitute for civil discovery." *Baldrige v. Shapiro*, 455 U.S. 345, 360 n. 14 (1982); *see also Simon*, 587 F. Supp. at 1033 (noting that using FOIA "as a substitute for civil discovery . . . is not proper and this court will not encourage it by awarding fees."); *Republic of New Afrika*, 645 F. Supp. at 121 (finding personal interest when plaintiff used FOIA requests to "circumvent civil discovery"). Ongoing litigation provides "sufficient incentive for parties to bring suit under FOIA regardless of whether fees and costs are recovered under the Act." *Id.*

Plaintiff argues that she has no commercial interest in the requested records. Instead, Plaintiff maintains that she filed suit because she has a duty to protect her rights to procedural due process and effective assistance of counsel in Immigration Court removal proceedings. However, Plaintiff's commercial benefit stems from seeking documents that have helped aid her efforts in ongoing civil litigation. Therefore, Plaintiff's motives are primarily commercial and personal interests, and thus this these factors weigh against an award of attorney's fees.

**3. Reasonable Basis for Withholding Information**

Finally, Plaintiff asserts that Defendant has refused to meet its burden of proving any legal basis for withholding the responsive agency information from Plaintiff before suit was filed. (Rec. doc. 52-2). Defendants do not meaningfully challenge this assertion. They contend that this Court has not issued any findings that Defendant's actions were unreasonable. (Rec. doc. 51). The Fifth Circuit, in *Blue v. Bureau of Prisons*, stated that the reasonableness of the government's withholding factor weighs in favor of an award of

attorney's fees if the agency's nondisclosure "was designed to avoid embarrassment or thwart the requester." 570 F.2d at 534. The D.C. Circuit, in *Davy v. Central Intelligence Agency*, found that this factor requires a court to answer not whether the plaintiff has affirmatively shown that that the agency was unreasonable, "but rather whether the agency has shown that it had any colorable or reasonable basis for not disclosing the material until after [the plaintiff] filed suit." 550 F.3d 1155, 1162-63 (D.C. Cir. 2008).

In this case, USCIS failed to comply with the requirements of FOIA by not responding to Plaintiff's request for information within the statutory time frame. This Court finds that Defendant has not shown that it had any reasonable basis for not disclosing the FOIA requests until after Plaintiff filed suit. Although exemptions may apply, USCIS had a duty to segregate disclosable portions of the same documents. 5 U.S.C. § 552(b). The agency cannot simply declare a mass of records exempt; it has the burden of proof under the statute to support its asserted exemptions without making a blanket claim covering a large set of documents. 5 U.S.C. § 552(a)(4)(B); *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). The agency has the statutory burden of proving exempt status and of proving the inability to reasonably segregate portions of the record. *Id.* An agency's burden of proof for withholding an entire document is heavy; and the agency must show "that no segregable, non-exempt portions remain withheld." *Paisley v. C.I.A.*, 712 F.2d 686, 700 (D.C. Cir. 1983); *Allen v. Central Intelligence Agency*, 636 F.2d 1287 (D.C. Cir. 1980); 5 U.S.C. §§ 552(b) and 552(a)(4)(B).

In response to Plaintiff's 2019 requests, Defendant had a duty to segregate any non-exempt information, as it eventually did with the 2024 production. Defendant has not presented the Court with a reasonable basis in law for not responding to Plaintiff's FOIA requests. There is no legal reason as to why USCIS withheld any of the produced information

from Plaintiff beyond the statutory 20-working day FOIA production mandate. The Court can find no other explanation for this behavior other than to thwart the requester.

## III. Conclusion

Weighing these factors, the Court concludes that an award of attorney's fees is not appropriate here. Although Defendant was not reasonable in withholding the agency information, the factors concerning public benefit, commercial benefit, and Plaintiff's interest in the records all weigh against an award of attorney's fees. Further, there are still several pending motions for summary judgment in this case. Plaintiff may file a motion for attorney's fees and costs once there has been a final judgment made in the case.

For the foregoing reasons,

**IT IS RECOMMENDED** Plaintiff's Motion for Attorney's Fees and Costs Pursuant to the OPEN Government Act of 2007 (rec. doc. 43) be **DENIED.**

**NOTICE OF RIGHT TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Ass'n.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this 13th day of May, 2026.

---

[7] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**